UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD STONE,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY, AND DOES 1-10, inclusive,<br><br>　　　　　　　　Defendants. | 1:15-cv-01411 LJO SMS<br><br>MEMORANDUM DECISION AND ORDER RE: PLAINTIFF'S MOTION TO REMAND (Doc. 8) |

## I. BACKGROUND

Plaintiff Todd Stone alleges that Defendant Travelers Property Casualty Insurance failed to indemnify or reimburse him for vandalism-related damages to his home. Plaintiff, a resident of Fresno County, alleges that he had an insurance contract that covered property he owns at 2309 N. Marks in Fresno, California between the dates of March 6, 2013 and March 6, 2014. Compl., Doc. 1-1 at 11, ¶¶ 1, 8. The policy, attached to the Complaint, provides coverage for loss of use, household furnishings, and debris removal, among other things. *Id.* ¶ 10. On June 13, 2013, Plaintiff's home was vandalized. *Id.* ¶ 12. Plaintiff claims that Defendant failed to reimburse Plaintiff for the costs of repairs, furniture replacement and lost rents associated with the vandalism. *Id.* ¶ 15.

## II. PROCEDURAL HISTORY

Plaintiff filed suit in California state court on January 22, 2015. He claims that Defendant is liable under California law for breach of contract (first cause of action) and for breach of the implied covenant of good faith and fair dealing (second cause of action). Compl. ¶¶ 18, 32. On September 17, 2015, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1332. Notice of Removal ("NOR"), Doc. 1. On October 15, 2015, Plaintiff moved to remand the case back to state court. Pl.'s

Mot. to Remand ("MTR"), Doc. 8. Defendant filed its opposition on November 4, 2015. Travelers Prop. Cas. Ins. Co.'s Opp'n to Mot. to Remand ("Opposition"), Doc. 10. Plaintiff timely replied. Pl.'s Reply ("Reply"), Doc. 11. The hearing set for the motion was vacated pursuant to Local Rule 230(g). Doc. 12.

### III. STANDARD OF DECISION

Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants." Original jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C. §§ 1331 and 1332. District courts have diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Section 1446(b) governs the timing of removal. If the case stated by the initial pleading is "removable on its face," then a defendant has thirty days from receipt of the pleading to remove the case. *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010) (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)). If, however, no basis for removal is apparent in that pleading, the requisite thirty-day removal period does not begin until the defendant receives "a copy of an amended pleading, motion, order or other paper" from which removability may first be ascertained. 28 U.S.C. § 1446(b). Defendants are not bound by either deadline if they have ascertained removability based on their own information. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). Untimely removal is a procedural, as opposed to jurisdictional, defect. *Maniar v. F.D.I.C.*, 979 F.2d 782, 784 (9th Cir. 1992.)

Courts in the Ninth Circuit do not treat the issue of removability as a "strict dichotomy." *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013). "To avoid saddling defendants with the burden of investigating jurisdictional facts . . . the ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin." *Id.* (citing *Harris*, 425 F.3d at 695). The party seeking removal bears the burden of establishing

federal jurisdiction. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941). "[R]emoval statutes are strictly construed against removal." *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979).

## IV. ANALYSIS

Plaintiff argues that Defendant's motion to remove is untimely, because it was filed more than 30 days after service of the Complaint. MTR at 2. Defendant responds that the Complaint was not removable under 28 U.S.C. § 1332 because it did not make clear that that the amount in controversy was greater than $75,000 or that the parties had diverse citizenship. Opposition at 2. Defendant claims that the case only became removable when supporting facts were revealed in discovery. *Id.* at 3.

**A.     Amount in Controversy**

In his Complaint, Plaintiff alleges that Defendant is liable for "causing a loss in excess of several million dollars and according to proof at trial" in association with his second cause action. Compl. ¶ 30. Defendant argues that this fails to allege the minimum amount in controversy because a) it does not equate these losses with "damages" and b) it does not specifically request damages associated with this claim in his prayer for relief. Opposition at 3. In support of these arguments, Defendant cites to a standard used in the Fifth Circuit that requires papers to be "unequivocally clear and certain" to trigger either of the § 1446 deadlines. *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002).

The Ninth Circuit, however, characterizes the standard in a slightly different manner, stating that the removal period is triggered when diversity is *ascertainable*. *Kuxhausen*, 707 F.3d at 1139 (citing *Carvalho,* 629 F.3d at 885). This standard "requires a defendant to apply a reasonable amount of intelligence in ascertaining removability" and includes the duty to "multiply[] figures clearly stated in a complaint." *Id.* at 1140 (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)). However, where the details supporting diversity "are obscured or omitted, or indeed misstated, that circumstance makes the case 'stated by the initial pleading' not removable." *Harris*, 425 F.3d at 694.

3

For example, the *Kuxhausen* plaintiff filed a class action in state court, in which she sought to provide remedies for "hundreds of affected consumers." 707 F.3d at 1140. The defendant argued that such an allegation was "indeterminate" because it did not state the exact number of class members. *Id.* The Ninth Circuit disagreed, finding that "'[n]o investigation,' 'subjective knowledge,' or 'further inquiry' was necessary for [defendant] to understand that 'hundreds, by definition, means at least 200." *Id.*

Plaintiff alleges here that "[a]s a further direct and proximate result of the aforementioned conduct of Defendant, Plaintiff has suffered special and consequential damages" leading to "a loss in excess of several million dollars according to proof at trial." Compl. ¶ 30. Defendant argues that this does not state an amount in controversy because Plaintiff "never pleads that he is seeking or is entitled to recover on these alleged losses as damages in this action." Opposition at 4. Defendant also argues that the allegation in ¶ 30 is negated by the fact that it is contained in his second cause of action, and his prayer for relief only requests relief for the first. *Id.* The Court finds these arguments unpersuasive. Plaintiff clearly seeks to establish at trial that Defendant is liable to him "in excess of several million dollars." That necessarily means that the total amount in controversy is at least this much. No investigation, subjective knowledge or further inquiry was necessary for Defendant to understand that Plaintiff sought at least several million dollars- well above the amount required as a basis for diversity. *Kuxhausen*, 707 F.3d at 1140. The Court agrees that the prayer for relief is inconsistent. This inconsistency, however, does not have the effect obscuring, omitting, or misstating a demand for damages made plainly a few short paragraphs before it. Further, the Ninth Circuit directs district courts to look at the "four corners of the applicable pleadings," not merely the last page. *Harris*, 425 F.3d at 694; *see also Yingling v. Principal Fin. Grp.*, No. 1:11-CV-00303 LJO, 2011 WL 1668395, at *4 (E.D. Cal. May 3, 2011) (finding facts ascertainable when "exposed" in a deposition). Thus, the Court finds that the amount in controversy was ascertainable on the face of the Complaint and triggered the 30 day deadline established by 28 U.S.C. § 1446(b)(1). Because the removal notice was not filed within this period, it is untimely.

**B.     Diversity of Citizenship**

Defendant also argues that the Complaint was not removable on its face because it was not clear that Plaintiff was a citizen of California. Opposition at 6. Plaintiff points out that this issue was not raised in the NOR. Reply at 7. A notice of removal must contain "a short and plain statement of the grounds for removal" and must be filed within either of the thirty deadlines articulated in Section 1446(b), if they apply. 28 U.S.C. § 1446(a); (b)(1),(3). Under Section 1447(c), procedural defects are a basis for remand. 28 U.S.C. § 1447(c). *N. California Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995) (holding that Section 1447(c) requires "that a defect in removal procedure be raised in the district court within 30 days after the filing of the notice of removal."). Pleading standards for a notice of removal "track[] the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). Accordingly, once a petition for removal is filed, it may not be amended "to add allegations of substance but solely to clarify 'defective' allegations of jurisdiction previously made." *Barrow Dev. Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cir. 1969). For example, a defendant may file documentary evidence supporting a claim made in its removal notice. *Gen. Dentistry For Kids, LLC v. Kool Smiles, P.C.*, 379 F. App'x 634, 635 (9th Cir. 2010) (allowing defendant to file third-party affidavit stating that the cost of complying with the requested order for injunctive relief would exceed $75,000). Conversely, a defendant may not amend a notice based on federal question jurisdiction to seek removal based on diversity of citizenship if the new claim is made in an untimely fashion. *O'Halloran v. Univ. of Washington*, 856 F.2d 1375, 1381 (9th Cir. 1988).

Defendant's notice of removal states, "Plaintiff Todd Stone, was, at the time of filing this action, and still is, a citizen of California." NOR ¶ 7. It says nothing about this information being new knowledge or that diversity of citizenship was not ascertainable from the face of the complaint. In fact, the first paragraph of the Complaint reads, "At all times mentioned herein, Plaintiff was and is an individual residing within the county of Fresno, state of California." Defendant now alleges that

5

information learned through discovery regarding citizenship, that Plaintiff "owned property and Fresno and lived there," is a separate basis for removal, and that Section 1446(b)(1)'s 30 day deadline does not apply. Opposition at 6-7 (" . . . the Court has two independent ground [*sic*] for denying Plaintiff's Motion to Remand.").

This Court agrees that the NOR failed to raise citizenship as an independent basis for removal under the statute. Rather, it relied on new facts pertaining to *the amount in controversy*. It is unclear however, if such a defect might be cured by Defendant's opposition. Generally, an opposition cannot cure a defect that would require an allegation of substance. *O'Halloran*, 856 F.2d at 1381; *see also UMLIC Consol., Inc. v. Spectrum Fin. Servs. Corp.*, 665 F. Supp. 2d 528, 533 (W.D.N.C. 2009) ("A defendant may not use a memorandum to attempt to amend his notice of removal to add a basis for removal."). This principle, however, is based on the triggering of Section 1446(b)(3)'s 30 day deadline. It is not clear whether this deadline applies here. On the one hand, because Defendant claims to have learned of the new information through a verbal conversation (as opposed to the filing of a paper) this disclosure may not have triggered Section 1446(b)(3). *See CMS Security, Inc. v. Burlington Ins. Co.*, 2009 WL 2252106 at *1 (N.D. Cal. July 28, 2009) (finding an oral communication between counsel insufficient to constitute an "other paper"). On the other hand, Defendant does not argue that Section 1446(b)(3) does not apply.[1] Further, the information disclosed to Counsel does not seem be different from the claims put forth in the Complaint. Thus, the Court is not convinced that diversity could be ascertained based on this new knowledge. While the parties now concede that diversity exists, how and when this came to be is not evident.

Because Defendant has not established that neither 1446(b) deadline applies, and because the removal statutes "are strictly construed against removal," *Libhart,* 592 F.2d at 1064, this Court must conclude that Defendant has not met its burden of establishing that remand is not warranted.

---

[1] Defendant actually argues that its NOR was timely because it was filed within 30 days of learning the new information. Opposition at 3. Therefore, it seems that Defendant concedes that Section 1446(b)(3) does apply.

6

**C.     Attorney Fees**

Plaintiff seeks an award of attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c). That statute provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[T]he standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

Here, Plaintiff claims that Defendant had no objectively reasonable basis for seeking removal based on the amount in controversy, because the Complaint "plainly alleges damages far in excess of $75,000." MTR at 7 (emphasis omitted). As discussed above, the Court agrees that the amount in controversy requirement was met is ascertainable from the face of the Complaint. However, Defendant had an objectively reasonable argument that this requirement was not met, based on the inconsistent and confusing manner in which the Complaint was drafted. Thus, the Court does not agree that Plaintiff should be awarded fees and costs associated with this motion on this basis.[2]

## V. CONCLUSION AND ORDER

For the reasons discussed above, the Court GRANTS Plaintiff's motion to remand, Doc. 8. The Clerk of Court is directed to CLOSE this case and take all necessary action to REMAND the case to the Superior Court of California, for the County of Fresno. Plaintiff's request for attorney fees and costs is DENIED.

**IT IS SO ORDERED**
**Dated: November 20, 2015**

                              **/s/ Lawrence J. O'Neill**
                              **United States District Judge**

---

[2] Plaintiff does not argue that it is entitled to fees based on the cost of arguing against the diversity of citizenship issue, so the Court need not address that issue here.